IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 1:24-CR-20529-BB-1

UNITED STATES OF AMERICA,

Plaintiff, June 13, 2025
9:11 a.m.

vs.

ROMAN SINYAVSKY,

Defendant. Pages 1 THROUGH 20

---

TRANSCRIPT OF UNSEALED PORTION OF SENTENCING
BEFORE THE HONORABLE BETH BLOOM
UNITED STATES DISTRICT JUDGE

Appearances:

FOR THE GOVERNMENT: UNITED STATES ATTORNEY'S OFFICE
ELI RUBIN, AUSA
LINDSAY GORMAN, AUSA
MARX CALDERON, AUSA
99 Northeast 4th Street
Miami, Florida 33132

FOR THE DEFENDANT: GELBER SCHACHTER GREENBERG, PA
BARBARA R. LLANES, ESQ.
JUAN C. ZAMORA, JR., ESQ.
One Southeast Third Avenue, Suite 2600
Miami, Florida 33131

FOR THE DEFENDANT: FRIDMAN FELS & SOTO, PLLC
ALEJANDRO O. SOTO, ESQ.
150 Alhambra Circle, #715
Coral Gables, Florida 33134

COURT REPORTER: Yvette Hernandez
U.S. District Court
400 North Miami Avenue, Room 10-2
Miami, Florida 33128
yvette_hernandez@flsd.uscourts.gov

(Call to order of the Court, 9:11 a.m.)
THE COURT: Good morning to everyone.
MS. GORMAN: Good morning, Your Honor. Lindsay Gorman, Eli Rubin, and Marx Calderon for the United States.
THE COURT: Okay. Hold on one second. We'll go ahead and formally call the case. I appreciate that.
And go ahead and have a seat, everyone.
Let me just get into the computer and we can get started.
(Pause in proceedings.)
COURTROOM DEPUTY: Calling Criminal Case Number 24-20529, United States of America v. Roman Sinyavsky.
Counsel, please state your appearances for the record.
MS. GORMAN: Good morning, Your Honor. Again, you have Lindsay Gorman, Eli Rubin, and Marx Calderon for the United States.
THE COURT: Hi. Good morning to each of you.
MS. LLANES: Good morning, Your Honor. Barbara Llanes on behalf of Defendant Roman Sinyavsky.
MR. SOTO: Good morning, Your Honor. Alex Soto on behalf of Defendant Roman Sinyavsky.
MR. ZAMORA: Good morning, Your Honor. Juan Carlos Zamora on behalf of Roman Sinyavsky.
THE COURT: Good morning to each of you.
And this is Mr. Sinyavsky that's before the Court?

MS. LLANES: Yes, Your Honor.

THE COURT: And may I have the name of the Probation officer that is also present.

PROBATION OFFICER: Good morning, Your Honor. Andrew McDougan with Probation.

THE COURT: Good morning, Officer.

Mr. Sinyavsky, as you know, the purpose of this morning's proceeding is to determine an appropriate sentence in your case, a sentence that is sufficient but is not greater than necessary to serve the goals of sentencing.

You were before this Court on January 16th of this year, and at that time you pled guilty to a one-count information that charged you with conspiracy to violate the International Economic Powers Act and to commit money laundering, in violation of 18, United States Code, Section 371.

The Information contains a forfeiture allegation. And, as the Court has determined, there was a basis, and the Court entered Docket Entry 21, the preliminary order of forfeiture. And Docket Entry 42 is a notice of full satisfaction of the money judgment, which is tied to the preliminary order of forfeiture.

Is that correct, Ms. Gorman?

MS. GORMAN: Yes, it is.

THE COURT: In preparation for this morning's

proceeding, Mr. Sinyavsky, the Court has received and reviewed the following items. I will refer to each by its docket entry; however, there is one item that is sealed. And I will also refer to that as well and advise you of what that item is.

Docket Entry 16 is your Factual Proffer Statement; Docket Entry 17 is your Plea Agreement with the United States of America; Docket Entry 21 is the Court's Preliminary Order of Forfeiture; Docket Entry 22 is the Draft Disclosure of the Presentence Investigation Report; Docket Entry 30 are objections that were filed on your behalf by Ms. Llanes with regard to the Presentence Investigation Report; Docket Entry 36 is a Final Addendum 1 Disclosure of the Presentence Investigation Report; Docket Entry 39 is the Government's Motion for a Downward Departure Pursuant to Section 5K1.1.

And the sealed filing is what was filed on your behalf. Ms. Llanes filed a Sealed Motion for a Downward Departure and Variance. And contained within that sealed motion are composite exhibits, and that consists of letters. First, character letters that were written by your wife Yelena Sinyavsky, your daughter Julia Zamora Sinyavsky, your daughter Elisabeth Sinyavsky, your friend Tatiana Timofeeva, your friend Leonid Khurstachev -- and I apologize if I'm mispronouncing that -- another friend Ulvi Mammadov, another friend Jane Makropolo, and Dr. Simian Tsinker.

Then letters were written from your doctors,

Dr. Ranley Desir, Dr. Daniel Ead, Dr. Isaac Bassan, Dr. Daniel Iannettone, and Dr. Stuart Bernstein.

And Docket Entry 41 is the Defendant's Notice of Resolved and Unresolved Objections to the Presentence Investigation Report; and Docket Entry 42 is a Notice of Full Satisfaction of the Forfeiture Money Judgment.

Have you had a full opportunity to review each of those documents with your attorneys?

THE DEFENDANT: Yes.

THE COURT: Do you need any additional time to discuss these items with your attorneys?

THE DEFENDANT: No.

THE COURT: Are there any additional documents that the Court should have received and reviewed in preparation for this morning's hearing?

Ms. Llanes?

MS. LLANES: No, Your Honor.

THE COURT: And Ms. Gorman?

MS. GORMAN: No, Your Honor.

THE COURT: And is there any legal reason why a sentence should not be imposed today?

MS. LLANES: No.

THE COURT: All right, then. Then let us address the unresolved objections that are directed to the facts contained in the Presentence Investigation Report.

MS. GORMAN: Yes, Your Honor.

Are you referring specifically to the factual objections only at this time?

THE COURT: Well, there are multiple objections. So why don't we go in chronological order, looking at the PSI, which is Docket Entry 36.

MS. GORMAN: Yes, Your Honor.

I believe the first of the unresolved objections is paragraph -- is noted to be Paragraph 17. I believe that's actually directed at Paragraph 27. And then for Paragraphs -- so 27, 22, 33, 55, 56, and 57, the Government does not oppose those objections. And I believe the objection to Paragraph 75 is going to be withdrawn by the Defense.

THE COURT: All right. So I just want to make sure, so there's clarification and some direction to the Probation officer as to how you would like the PSI modified.

Ms. Llanes?

MS. LLANES: Yes, Your Honor.

So with respect to Paragraph 17, which is listed in our notice as to resolved and unresolved objections, that was actually a reference to Paragraph 27, where we discuss the authority -- in which the PSR discusses the authority Mr. Sinyavsky had over the Wells Fargo accounts. And we just -- I think the parties agree -- the Government agrees, as is set forth in the Factual Proffer, Paragraph 17, that the

Defendant was listed as the "Care Of" party for the Wells Fargo account, but otherwise didn't have an ability to control the movement of the funds within those accounts.

THE COURT: All right. So you would like that placed at the end of the paragraph? I need to give some direction to the Probation officer. How would you like it to read? Do you just want it to be stated: "Mr. Sinyavsky had no authority or ability to control any funds in the Wells Fargo account in the name of Valeri Vycheslavovich" --

MS. LLANES: Correct.

THE COURT: -- "Abramov and his wife"?

MS. LLANES: Yes. And that's what we had suggested in our objections to the PSR, that that clarification be included that he had no authority or ability to control any funds in the accounts.

THE COURT: So would the same request be made with regard to suggested clarification as to 22, 33, 55, 56, and 57?

MS. LLANES: Correct.

THE COURT: All right. And you're withdrawing 75?

MS. LLANES: And we are withdrawing the objection to Paragraph 75.

THE COURT: Okay. Then let's -- those objections are sustained. Let me ask the Probation officer to make the modifications as suggested by Ms. Llanes. And then we'll move on to Paragraphs 82 to 86.

MS. LLANES: Your Honor, we'll speak to that. I believe the Government is also going to speak to this.

As detailed in Docket Entry 30, our objections to the PSR, Paragraphs 82 to 86 suggest a two-point enhancement because one of the objects of the 371 conspiracy was money laundering. First, the actual conviction is for a 371 offense, not for a money laundering offense. We think that's important to note. And that was -- that is the core of the conduct at issue and the violation at issue. That is, it's an IEEPA violation, not so much a, you know, focused on money laundering violation.

And that's how the parties understood the conduct at issue and the underlying applicable offense guideline, which is why the parties agreed in the Plea Agreement, Paragraph 9, that Section 2M5.1 of the sentencing guidelines was the applicable guidelines offense level. And for those reasons, and the other reasons that are going to be pointed out by the Government, we believe that the two-point enhancement should not apply.

MS. GORMAN: Yes, Your Honor.

The Government thanks the Probation office for its attention to detail in preparing the report and calculating the guidelines for Mr. Sinyavsky. The Government does not see error in the guidelines as calculated by Probation; however, we would ask that the Court consider not applying the two-point enhancement under 2S1.1(b)(2)(B). And that's because, looking

at the plain language of that enhancement, it requires that the Defendant be convicted under Section 1956. And where, as here, Mr. Sinyavsky has been convicted under Section 371, that would seem not to apply.

It's only in looking beyond the plain text of that enhancement to the commentary where you see the broader interpretation suggesting that a 371 conspiracy with a 1956 object may be considered a conviction under 1956.

THE COURT: All right. So the Government concedes that since Mr. Sinyavsky answered to the substantive offense under Title 18, United States Code, Section 371, that 2S1.1 (b)(2)(B) would not apply because it is not a violation of 18 United States Code Section 1956?

MS. GORMAN: Yes. That's right. And that's reflected in the Plea Agreement.

THE COURT: All right. The objection is sustained.

Any further objections?

MS. LLANES: On this point or the additional paragraphs?

THE COURT: The additional unresolved objections.

MS. LLANES: The additional unresolved objections, many of them were simply not addressed in the PSR. But in discussion with the Government, my understanding is that they do not object -- they agree or don't, you know, have any issue with our objections. So we ask that they be incorporated by

Probation into the final PSR.

THE COURT: So specifically, I want to make sure the Government has agreed with regard to Paragraphs 106, 109, 124, 126, 127, 128, and 131; is that correct?

MS. GORMAN: Yes. That's correct, Your Honor.

THE COURT: And what would you like the Probation officer to amend those paragraphs to state?

MS. LLANES: Your Honor, we laid that out -- the specific language in Document Entry 30 for each of those paragraphs. We summarized them in our submission to the Court under Document Entry 41, where we go through each of them, but the specific language and how the objection should be incorporated is in Document Entry 30.

THE COURT: Does the Government have any objection to that language to be included in a revised PSI?

MS. GORMAN: No, Your Honor.

THE COURT: All right. And would the same be with regard to Paragraph 134, to which the Government has no objection?

MS. GORMAN: Yes. That's correct. The Government's not seeking a fine in this case.

THE COURT: All right. And with regard to Paragraph 136, is there still an objection -- let me clarify. Has there still been an objection that has not been resolved? In other words, is the Government in agreement?

MS. GORMAN: The Government's in agreement that the adjusted offense level would be 26. And with the downward adjustments for acceptance of responsibility, and first-time offender status, we'd be at a level 21. So I think the parties are in agreement there.

THE COURT: Okay. I'm missing the calculation. How we arrived at -- at a total offense level of 21.

MS. LLANES: Your Honor, assuming the 26 base offense level that the parties agreed to in the Plea Agreement applies, there's a three-point reduction for acceptance of responsibility and a two-point reduction under 4C1.1 because the Defendant has no prior criminal history and it's not an offense of violence.

And those are contemplated in the PSR, those reductions. So this may have just been an error. The three-point reduction is contemplated in Paragraphs 91 and 92 of the PSR. And the additional two-point reduction is contemplated in Paragraph 93. But because Probation had suggested the two-point enhancement from 26 to 28, Probation ultimately came out at a level 23.

Now that we have agreement that the base offense level of 26 should not be enhanced by two points, when you reduce the three points for acceptance, and the two points under 4C1.1, we arrive at a level 21.

THE COURT: Understood.

All right. Let's finish the objections that have been unresolved, and then let me recalculate the guidelines for the record. The next objection that has not been resolved?

MS. LLANES: That is Paragraph 137. Again, this is -- at this point, we've addressed it that the stipulated base offense level is 26, and that's what should be applied. So the Government, I understand, has no objection to that either.

THE COURT: Well, Paragraph 137 is with regard to the impact of the Plea Agreement in the case.

MS. LLANES: Right. The only impact of the Plea Agreement is that the base offense level of 26 is applicable.

THE COURT: All right. So you would -- the parties are requesting that the -- I mean, there still wouldn't be an impact on the Plea Agreement. So what is it that you're requesting Paragraph 137 to read?

MS. LLANES: This was more significant because of the two-point enhancement. That is to say that there should be an impact of the Plea Agreement in the case so that the base offense level is 26.

THE COURT: Right. But on Paragraph 9 of Plea Agreement, it says that the base offense level is 26.

MS. LLANES: Right. So at this point, that's fine. We can withdraw that.

THE COURT: All right. Any further unresolved objections?

MS. LLANES: The next one that we had was Paragraph 145, where the PSR notes that there were no grounds for a departure or variance, and that's what we're going to be arguing today.

THE COURT: I understand. But that's with regard to the Probation officer's determination. So I'm not certain if there's a basis to object to the Probation officer not identifying any factors that would warrant a departure or variance, unless the Probation officer has changed his mind.

MS. LLANES: We just wanted to note the objection for the record that --

THE COURT: All right. Has the Probation officer identified any factors that may warrant a departure or variance?

PROBATION OFFICER: Your Honor, I am covering for this case, but as far as I'm aware there is no other identified factors to warrant --

THE COURT: All right. That's the Probation officer's determination. So the objection is overruled.

The additional objections?

MS. LLANES: That was to Paragraph 159, that includes a requirement that Mr. Sinyavsky work for at least 40 hours as a condition of probation. Given his age and medical conditions, which are also set forth in Mr. Sinyavsky's submission to the Court, we object to the requirement that

Mr. Sinyavsky be required to work.

THE COURT: There's always a qualification, unless the Probation officer excuses him from doing so. So a medical condition would certainly be a basis. So is there any reason to modify Paragraph 159, since it has that qualifier?

MS. LLANES: So long as the qualifier gives us room for a different requirement, not --

THE COURT: Yes. It always does.

Am I correct that US Probation will always consider the Defendant's health?

PROBATION OFFICER: That's correct, Your Honor.

MS. LLANES: In that case, we withdraw our objection. Thank you.

THE COURT: Okay. Any further objections?

MS. LLANES: With respect to Paragraphs 166 and 167, Paragraph 166 imposed a financial disclosure requirement. At this time, as the Court noted, Mr. Sinyavsky has paid the full amount of the monetary judgment that was owed. And so we don't believe it's appropriate that he be required to submit a financial disclosure form.

And with respect to 167, there is a no new debt restriction. We don't believe that that's necessary or appropriate. Among other things, Mr. Sinyavsky has outstanding debts that he's going to have to pay to the Office of Foreign Assets Control. And so that's an existing debt that he will

continue to have to pay. I don't know that the Government has any -- I think the Government is in agreement that these requirements are not necessary.

MS. GORMAN: The Government has no objection.

THE COURT: Is there anything that the Court needs to be aware of from US Probation with regard to those two requirements of supervised release?

PROBATION OFFICER: Your Honor, based on the offense, Probation would encourage those special conditions to be imposed. This doesn't mean that he can't get any new debt. He just has to get written permission from the Court before he does, so that we can better modify to make sure that there's no other instances similar to this offense.

THE COURT: And there are still monetary obligations that are being imposed as part of the sentence, correct?

PROBATION OFFICER: Correct, Your Honor.

THE COURT: And with regard to the voluntary agreement to pay OFAC penalty, is that an agreement that Mr. Sinyavsky has made with OFAC or is that a condition of supervised release?

MS. LLANES: Your Honor, we can clarify that, since the Probation officer is standing in. In terms of the obligations that Mr. Sinyavsky has with respect to this matter, those have been fulfilled. He has paid the forfeiture amount that was owed. The debt that is owed to OFAC is under a

separate agreement with OFAC that resolves an enforcement action that OFAC pursued against Mr. Sinyavsky.

And if I may just briefly comment on 167. The condition of no new debt restrictions perhaps is relevant where someone has an outstanding debt to -- in this case, in their criminal case. That's not relevant here. And the historical issues with financial payments have been resolved by this case. There's not -- there's not a concern that Mr. Sinyavsky is going to create additional problems or issues as a result of his past misconduct with respect to his finances or money.

And this is a somewhat onerous requirement, especially if Mr. Sinyavsky needs additional help in order to pay off his OFAC debt. Given that the Government has no objection, we ask that this obligation not be imposed on Mr. Sinyavsky.

THE COURT: Well, I'm not understanding why it is so onerous to providing access to financial information and to require while he's on supervised release to at least obtain written permission in order to incur additional debt.

I mean, in this case -- I understand that Mr. Sinyavsky has paid the $182,442, but that payment was due to the unlawful commissions and fees that he earned from certain real estate transactions.

So I understand that Ms. Gorman isn't objecting, but it is the Court's responsibility to ensure that the supervised release conditions not only are rehabilitative in nature, but

also ensure that US Probation has an opportunity to confirm and further advise the Court whether, in this case, Mr. Sinyavsky is further engaged in any suspected criminal activity.

So, quite frankly, I understand that there's no objection by the Government, but I believe that there's a nexus and I believe that it's appropriate to impose those conditions, so the objection is overruled.

Any further objections?

MS. LLANES: No further objections.

THE COURT: All right. Then the Court accepts all remaining facts contained in the Presentence Investigation Report. And that would include a recalculation of the advisory guidelines based on the Court sustaining the objection with regard to the two-level increase under 2S1.1(b)(2)(B). So the base offense level begins at 26. There are no adjustments. There is an arrival at an adjusted offense level of 26, therefore.

There's a three-level reduction for Mr. Sinyavsky's acceptance of responsibility. And Mr. Sinyavsky has no criminal history and he qualifies under 4C1.1 as a Zero-Point Offender. There's an additional two-level reduction. That results in a total offense level of 21, with a criminal history category of I, the guideline range of imprisonment is 37 to 46 months; is that correct?

MS. GORMAN: Yes, Your Honor.

MS. LLANES: Under the guidelines, yes, correct.

THE COURT: All right. In addressing the 3553(a) factors -- Mr. Sinyavsky, that would include your personal history and characteristics. I know that Ms. Llanes has done an excellent job of compiling letters not only from your medical care providers, but certainly from your family. But I do want to invite you, if there's anything that you would like to say, or if there are individuals that are present before the Court, if they would like to speak, they may do so.

It may also be appropriate for the Government, since the Government is seeking a departure, for the Government to first address its Motion for Downward Departure that seems to correlate for the Sealed Motion for a Downward Departure and Variance.

MS. GORMAN: Yes, Your Honor. The Government is moving for a downward departure pursuant to Section 5K1.1 based on Mr. Sinyavsky's substantial assistance. I think the basis for the Government's motion is well captured by Mr. Sinyavsky's submission to the Court under seal. He has engaged in extensive cooperation with the Government, helping focus its investigation, providing thousands of documents --

THE COURT: And Ms. Gorman, I want to stop for a moment because the motion was filed under seal.

Are you asking that this portion of the transcript also be under seal, if you are going to be discussing any type

of cooperation?

MS. GORMAN: No, Your Honor.

THE COURT: All right, then.

MS. LLANES: Your Honor, we would -- the Defense would request that it be filed under seal.

THE COURT: All right. So this portion of the transcript, so that the Court can understand the extent, will be -- and I would ask the court reporter to allow this portion of the transcript to be under seal.

(Portion sealed under Court order.)

* * * * * * * * * * *

UNITED STATES OF AMERICA )
ss:
SOUTHERN DISTRICT OF FLORIDA )

C E R T I F I C A T E

I, Yvette Hernandez, Certified Shorthand Reporter in and for the United States District Court for the Southern District of Florida, do hereby certify that I was present at, and reported in machine shorthand, the proceedings had the 13th day of June, 2025, in the above-mentioned court; and that the foregoing transcript is a true, correct, and complete transcript of my stenographic notes.

I further certify that this transcript contains pages 1 - 20.

IN WITNESS WHEREOF, I have hereunto set my hand at Miami, Florida, this 23rd day of June, 2025.

/s/Yvette Hernandez
Yvette Hernandez, CSR, RPR, CLR, CRR, RMR
400 North Miami Avenue, 10-2
Miami, Florida 33128
(305) 523-5698
yvette_hernandez@flsd.uscourts.gov